IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. CIV S-08-0620-LEW-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| CSP SOLANO, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on March 19, 2008.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his due process rights were violated during a hearing on a rules violation report (CDC-115). According to plaintiff, there was a work stoppage/strike at California State Prison Solano (CSP-Solano) in January 2008. Due to this strike, he was unable to report to his duties as a clerk in the chapel. This was due in part to his own safety (not crossing the picket line due to his fear of injury from the striking inmates), the inability to work because the chapel had been taken over by CSP-Solano staff, and that he does not work on Mondays. However, because he did not report for work, Sgt. Clay issued plaintiff a CDC-115. Plaintiff claims this 115 is fraudulent in that Sgt. Clay falsified that plaintiff was given the opportunity to go to work when in fact, plaintiff claims, he was not.

Plaintiff also claims that Lt. Ferguson, who held a 115-hearing, violated his due process rights by not allowing plaintiff to call any witnesses. For defendant Devantes, plaintiff provides copies of the inmate appeal screening rejections issued by Devantes, but he does not state any claims against Devantes. According to his attachments, and a liberal reading thereof, plaintiff's complaint is that Devantes rejected plaintiff's inmate appeal erroneously. In addition, plaintiff names as defendants Warden Sisto, Associate Warden Singh, and Captain Peck. He makes no claims as to the involvement of defendants Sisto or Singh. As for Captain Peck,

plaintiff only indicates that he issued an informational chrono regarding a State of Emergency having been approved on January 10, 2008.

## II.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

1        Here, plaintiff makes no allegation as to any wrongdoing by defendants Sisto, Singh or Peck.  It appears plaintiff is relying on defendants' Sisto and Singh's position as warden and associate warden to attach liability for the acts of their subordinates.  However, this is insufficient.  In addition, plaintiff's allegations as to defendant Peck are unclear.  According to plaintiff, defendant Peck's only involvement in the facts of this case was the issuance of an informational chrono.  It is not clear to the court what, if any, claim plaintiff is attempting to allege.

       Reading the complaint liberally as the court must, plaintiff appears to state a claim for violation of his due process rights as against defendants Ferguson, Clay and Devantes.  However, he fails to link defendants Sisto, Singh or Peck to any constitutional deprivation.

### III.  CONCLUSION

       Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Because the complaint appears to otherwise state cognizable claims, if no
2 amended complaint is filed within the time allowed therefor, the court will issue findings and
3 recommendations that the claims identified herein as defective be dismissed, as well as such
4 further orders as are necessary for service of process as to the cognizable claims.  Plaintiff is
5 informed that no amended complaint is necessary for this case to proceed against defendants
6 Ferguson, Clay and Devantes.  He is only required to file an amended complaint if he wishes to
7 link any of the other named defendants to his allegations.
8    Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
9 complaint within 30 days of the date of service of this order.

 DATED: May 14, 2008

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE