# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. EDWARDS,

No. CIV S-08-0620-JAM-CMK-P

        Plaintiff,

      vs.

FINDINGS AND RECOMMENDATIONS

C.S.P. – SOLANO, et al.,

        Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 13).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: California State Prison – Solano,

Sisto, Singh, Peck, Ferguson, Cervantes, and Clay.  Plaintiff states that, on January 7, 2008,

inmate culinary workers started a work strike and refused to report to their work assignments.

He states that inmates working in the bakery, however, did report to work but were turned away

by correctional staff.  According to plaintiff, an institutional lock-down was initiated before any

other inmates could report for their work assignments.  Plaintiff adds:

> Regardless that the institution did not need inmate Labor, later in
> the day on January 7, 2008, and the following three days, officers and staff
> went around and ordered inmates to report to work knowing full well that
> it was not safe for any inmate to do so.  There were anonymous threats
> made from inmates yelling out their doors, so it is not possible that officers
> and staff could claim that they had no knowledge of the potential great
> bodily harm to any inmate that left their cell when ordered.  However,
> some inmates did leave their cell. . . .  The officers ordering inmates to
> report to work on Monday January 7, 2008, did so with deliberate
> indifference to the safety of the inmates and will full knowledge that they
> were only pretending to take inmates to work. . . .

Plaintiff states that the details of his particular case are set forth in an inmate

grievance attached to his complaint as Exhibit A.  In this exhibit, plaintiff outlines the following

incident:

> On February 7, 2008, I was found guilty by a Lt. Ferguson, on a
> fraudulent CDC-115 for not attempting to report to work and crossing an
> inmate "picket line," which would have put me in harms way.  In other

words, I was found guilty even though I could not go to work. I should have marked myself as a scab worker in front of 200 angry inmates, by coming out of my cell and pretending that I could go to work.

Sgt. Clay falsified a 115 by stating that I was given an opportunity to go to work on 1-7-2008 and that a general call for all workers took place throughout the day. This did not happen in building one. It is also impossible for me to attend my job if no chaplains are on duty, as I am a clerk in the chapel. I never work on Monday, as there are no chaplains present. Sgt. Clay, not being my supervisor, should have investigated this before falsifying a government document. However, according to the incident report that was given to me, the chapel was taken over by Lt. Knudsen on Monday January 7, 2008, so there were no services and no chaplains. . . . Therefore, Sgt. Clay and Lt. Ferguson already knew I could not report to work on January 7, 2008, yet they continued to cause me mental stress by lying and falsifying official government documents that have caused me harm.

Plaintiff adds that defendant Ferguson denied him an investigating employee, denied him witnesses, and denied him the right to postpone the hearing. He also states that "Lt. Ferguson violated the law, by using foul language during my hearing, and finding me guilty of not coming out of my cell, putting myself in harm's way, when he knew in fact I could not even go to work."

Plaintiff asserts that defendants Sisto, Singh, and Peck were aware of the danger posed to inmates who crossed the inmate strike line to report to work assignments. As to defendant Peck in particular, plaintiff states:

Cpt. Peck is believed to be the officer who spearheaded all these violations by issuing orders to correctional officers and staff to coerce inmates to cross the strike line. . . .

As to defendant Cervantes, plaintiff claims that he participated in the "fraudulent CDC-115's by blocking any attempt by inmates to appeal their punishment." In support of this allegation, plaintiff attaches as Exhibit B are letters from defendant Cervantes rejecting plaintiff's inmate grievances as incomplete because they lacked necessary supporting documentation.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

For the reasons discussed below, plaintiff's amended complaint cannot proceed as against defendants California State Prison – Solano and Cervantes. As to all other defendants, the court finds that the complaint appears to state cognizable claims and, by separate order, will require plaintiff to submit documents necessary for service by the United States Marshal.

### A.    **Defendant California State Prison – Solano**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). As an arm of the California Department of Corrections and Rehabilitation, which is the state agency responsible for incarceration, defendant California State Prison – Solano is immune from suit and must be dismissed.

### B.    **Defendant Cervantes**

Plaintiff claims that defendant Cervantes is liable because he blocked his attempts to present grievances. In support of this allegation, plaintiff attaches various letters from defendant Cervantes indicating that plaintiff's inmate grievances were deficient. Prisoners have no stand-alone due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Therefore, defendant Cervantes cannot be liable solely by virtue of his processing of plaintiff's grievances.

To the extent plaintiff would assert that defendant Cervantes interfered with his access to the courts by rejecting his grievances, such a claim would also be insufficient. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See Lewis at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Here, plaintiff has not alleged that he was unable to exhaust his administrative remedies prior to bringing suit. To the contrary, plaintiff has affirmatively alleged that all such remedies are exhausted. Therefore, plaintiff has not suffered any actual injury as a result of defendant Cervantes' actions with respect to plaintiff's inmate grievances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants California State Prison – Solano and Cervantes.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.     This action be dismissed as against defendants California State Prison – Solano and Cervantes; and

2.     The Clerk of the Court be directed to terminate California State Prison – Solano and Cervantes as defendants to this action which shall proceed against the remaining defendants only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  May 4, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE