IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. CIV S-08-0620-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CSP SOLANO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Pending before the court is Plaintiff's motion for temporary restraining order (Doc. 43). In his motion, Plaintiff seeks an order preventing defendants from transferring him to another prison during the pendency of this action.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of

1

irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable.  See id. at 1334-35.

        The standard for a temporary restraining order is essentially the same.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

        As outlined above, to obtain injunctive relief plaintiff must demonstrate a significant threat of irreparable injury.  In this case, Plaintiff has not made such a showing. Specifically, Plaintiff does not state how his transfer to another prison will cause him any injury. Plaintiff will still be able to litigate this action regardless of where he is incarcerated.  Plaintiff

states such a transfer will interfere with his access to witnesses.  However, Plaintiff does not explain how a transfer will eliminate all ability to communicate with his witnesses. Undoubtably, not being housed at the same facility will make such communication more difficult, but the court sees no reason why it will be impossible.  There are many cases pending in the court where the witnesses are housed at a separate facility than the plaintiff, and there is no issue regarding communication.   Moreover, prisoners do not have a liberty interest in avoiding being transferred to another prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Finally, Plaintiff claims he believes the transfer is in retaliation for bringing this action.  While prisoners generally may not be transferred in retaliation for exercising their First Amendment rights, see Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), Plaintiff has not yet been transferred.  He states he was brought in for his annual committee meeting, and his points were reduced by the committee in an attempt to transfer him.  He does not state there is an immediate transfer order in place.  And, even if Plaintiff is later transferred for a retaliatory purpose, there would still be no irreparable injury because such a transfer could give rise to a separate civil rights action for damages.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for temporary restraining order (Doc. 43) is denied.

DATED:  March 17, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE