IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. EDWARDS,             No. CIV S-08-0620-CMK-P

    Plaintiff,

  vs.             <u>ORDER</u>

SISTO, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 70) of the denial of his motion for summary judgment.

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

In his motion, plaintiff argues that, contrary to the court's analysis, he has in fact established the non-existence of any material fact on both elements of his Eighth Amendment claim. The court does not agree. As discussed in the court's September 12, 2011, memorandum opinion and order, there is a genuine dispute of material fact in this case. In particular, the court noted that the issue of whether prison officials took proper reasonable steps to ensure plaintiff's safety is disputed. In other words, the evidence submitted by the parties does not conclusively

---

[1] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1  establish the issue either way.  Thus, a jury must determine the facts and summary judgment in
2  favor of any party is inappropriate.  To the extent plaintiff believes that denial of defendants'
3  motion for summary judgment necessarily means that his own motion for summary judgment
4  should have been granted, he is mistaken.
5         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for
6  reconsideration (Doc. 70) is denied.

 DATED:  October 5, 2011

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE